UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JOVANY FLORES ESPINOZA,          )
                                                 )
          Petitioner,           )
                                                 )
          v.                )     No. 2:26-cv-00229-JRS-MJD
                                               )
WARDEN in his or her official capacity as Warden  )
of the Clay County Justice Center, *et al.*,    )
                                               )
          Respondents.       )

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS**

Noncitizen Jovany Flores Espinoza petitions for a writ of habeas corpus. He challenges the lawfulness of his continued detention at the Clay County Jail on behalf of U.S Immigration and Customs Enforcement (ICE). The Court grants Mr. Flores Espinoza's petition and orders the respondents to either afford him a bond hearing or release him from custody.

**I. Facts**

Mr. Flores Espinoza, a Mexican national, entered the United States without inspection in 2019. Dkt. 8-1 at 7. He has resided in the United States since then.

On March 15, 2026, Mr. Flores Espinoza was arrested in Bartholomew County for driving without a license. *Id.* ICE issued a detainer, and an immigration official issued an administrative warrant "command[ing]" that Mr. Flores Espinoza be taken into ICE custody. *Id.* at 5, 7.

ICE took Mr. Flores Espinoza into custody on March 16 and placed him in removal proceedings. *Id.* at 1, 7. Mr. Flores Espinoza remains detained at the Clay County Jail and has not received a bond hearing.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Flores Espinoza argues that his continued detention violates the Immigration and Nationality Act (INA), related regulations, and the Fifth Amendment's due process clause. He argues that he must be immediately released from detention or, in the alternative, granted a bond hearing, and that he is entitled to certain procedural protections during and after any bond hearing. The respondents answer that the INA not only authorizes but requires the government to detain Mr. Flores Espinoza through the conclusion of his removal proceedings.

Mr. Flores Espinoza's continued detention without possibility of bond violates the INA and entitles him to habeas relief in the form of a bond hearing. The Court therefore grants Mr. Flores Espinoza's petition to the extent it directs the respondents to provide him a bond hearing or release him. Because the Court grants the petition on that basis, it does not address Mr. Flores Espinoza's regulatory and Constitutional claims. The Court also declines to grant Mr. Flores Espinoza's requests for relief beyond a bond hearing, as they are currently unnecessary or premature.

### A.      8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also

2

known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

> (B) conditional parole[.]

An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see* also 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates

3

an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B.      Mr. Flores Espinoza's Detention Is Authorized by § 1226(a)**

The record reflects that Mr. Flores Espinoza's detention is authorized by § 1226(a). As discussed further below, this makes him eligible for a bond hearing, and his continued detention without a bond hearing violates the INA.

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Flores Espinoza who have lived in the interior of the United States for years. *See, e.g., Delgado Avila v. Crowley,* 809 F. Supp. 3d 841, 844–46 (S.D. Ind. 2025). As the Court has previously explained, the respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades

4

of prior statutory interpretation and practice. *See Alejandro v. Olson*, No. 1:25-CV-02027-JPH-MKK, 2025 WL 2896348, at *14–19 (S.D. Ind. Oct. 11, 2025).

In *Castañon-Nava*, *v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), a decision that carries persuasive authority due to its procedural posture,[1] the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion.

The respondents concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 8 at 8. Nevertheless, they urge the Court to deviate from its previous decisions. They support that position with citations to numerous decisions upholding the government's interpretation of § 1225(b)(2)(A), including two recent circuit court decisions: *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026), and *Avila v. Bondi*, 170 F.4th 1128 (2026) (8th Cir. Mar. 25, 2026). In *Buenrostro-Mendez*, the Fifth Circuit found that "seeking admission" is a permissible redundancy for "applicant for admission." 116 F.4th at 503. In *Avila*, the Eighth Circuit similarly held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that "in the context of the statute the two phrases are synonymous." 170 F.4th at 1135.

---

[1] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

In contrast, after this matter was fully briefed, the Second Circuit decided *Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044 (2d Cir. Apr. 28, 2026), explicitly rejecting the government's argument and adopting the reasoning set forth in *Castañon-Nava*. "Although divided panels in two other circuits have agreed with the government, . . . we respectfully find the statutory analysis in those decisions, which largely mirrors the government's flawed arguments in this case, to be unpersuasive." *Id.* at *4.

The Court is not convinced that the Seventh Circuit will depart from *Castañon-Nava* (and disagree with *Barbosa da Cunha*) to instead follow *Buenrostro-Mendez* or *Avila*. Therefore, the Court continues to rely on *Castañon-Nava* as persuasive precedent.

Furthermore, the respondents' legal reasoning cannot be reconciled with the government's treatment of Mr. Flores Espinoza. Before his recent arrest, Mr. Flores Espinoza lived in the United States for at least six years. When the federal government took him into custody, it did so through an administrative warrant citing § 1226(a) as the basis for his arrest and detention. Given the government's treatment of Mr. Flores Espinoza, it cannot plausibly now maintain that he is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *See Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *6 (S.D. Ind. Oct. 30, 2025) (citing *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

In sum, the record demonstrates that Mr. Flores Espinoza's detention is authorized only by § 1226(a), entitling him to consideration of bond.

## C.      Scope of Relief

Mr. Flores Espinoza is eligible for release on bond under § 1226(a), and he has not received a bond hearing. His continued detention without a bond hearing therefore violates "the laws or

treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984).

Mr. Flores Espinoza argues principally for immediate release from custody. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, Mr. Flores Espinoza maintains—and the Court agrees—that he is subject to § 1226(a), which allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Flores Espinoza's custody is not unlawful because of the very fact that he is detained. Rather, his custody is unlawful because he has not received the bond hearing that the law requires.

**D.     Remaining Claims**

Because the Court has found that Mr. Flores Espinoza's detention violates the INA, it need not reach his argument that his detention violates associated regulations. Likewise, the Court declines to confront Mr. Flores Espinoza's claim that his detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

For related reasons, the Court also does not reach Mr. Flores Espinoza's argument that the Court must place specific constraints on the immigration judge's decision-making during his bond hearing. Dkt. 1 ¶ 89. The Seventh Circuit has not answered the question of who bears the burden of proof in an administrative bond hearing, and the circuits that have answered the question have not answered in unison.[2] Section 1226 is silent as to the burden of proof, so Mr. Flores Espinoza's

---

[2] *Compare Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("We therefore conclude that the government must bear the burden of proving dangerousness or flight risk in order to continue detaining a

argument is purely constitutional. A bond hearing without Court-imposed instructions regarding the burden of proof may yet result in Mr. Flores Espinoza's release on bond, or it may result in the denial of bond for reasons unrelated to the burden of proof. Mr. Flores Espinoza's detention is currently unlawful because he has been deprived of a bond hearing—not because the government conducted a bond hearing that failed to conform to specific standards. At this point, it is prudent for the Court to avoid an unnecessary constitutional decision. *Thomas*, 697 F.3d at 613.

Finally, the Court denies Mr. Flores Espinoza's requests to retain jurisdiction over this case so it can review the immigration judge's bond determination and to enjoin the government from staying his release on bond if it is granted. The question presented to this Court in this and every other habeas action is whether the petitioner's present custody violates the Constitution or laws or treaties of the United States. The undisputed record demonstrates that Mr. Flores Espinoza's custody violates the INA because government has denied him consideration of bond. That violation can be cured with a bond hearing, conducted according to § 1226(a) and accompanying regulations, and followed by a decision on the merits. That hearing may or may not conclude in Mr. Flores Espinoza's favor. If it does, the government may or may not attempt to stay his detention.

"Under Article III of the Constitution, the judicial power of the United States extends only to cases and controversies." *Wisconsin Right to Life, Inc. v. Schober*, 366 F.3d 485, 488 (7th Cir.

---

noncitizen under section 1226(a)."); *Velasco Lopez v. Decker*, 978 F.3d 842, 846 (2d Cir. 2020) ("[T]he district court correctly ordered a new bond hearing where the Government bore the burden of proof."), *with Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1214 (9th Cir. 2022) ("[E]ven when there are deficiencies in individual § 1226(a) proceedings, they may be redressable through means short of major changes to the burden of proof."); *Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) ("Espinoza did not meet his burden to show a likelihood of success on his claim that requiring an alien in a § 1226(a) bond hearing to show, by a preponderance of evidence, that he is not a danger to the community nor a flight risk violates an alien's rights under the Due Process Clause."); *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) ("[U]nder § 1226(a) the burden remains on the detainee at all times. [W]e perceive no problem . . . .").

2004). "This jurisdictional requirement ensures that the resources of the federal judiciary are not expended on advisory opinions and hypothetical disputes." *Id.* At this stage, the denial of Mr. Flores Espinoza's bond request—and therefore any occasion for further judicial review—is entirely hypothetical. The same is true of the grant of Mr. Flores Espinoza's bond request and the invocation of a stay. He asks the Court to adjudicate a dispute that does not yet exist. To the extent Mr. Flores Espinoza seeks a preliminary injunction, he has not even attempted to satisfy the demanding legal standard for such relief.

### III. Conclusion

The petition for a writ of habeas corpus is **granted** insofar as the respondents will have **seven days** to certify that Mr. Flores Espinoza has (1) appeared for a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a) and pertinent regulations, or (2) been released from detention. The petition is **denied** to the extent it seeks any other relief. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 4/30/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Daniel Chin
Flora Legal Group
daniel.chin@floralegalgroup.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

9

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov